# IN RE ESTATE OF ARMIN R. JACHE.
## EMMA BURSTAD JACHE v. ELSE JACHE.[1]

February 13, 1937.

No. 31,036.

*Jay W. Smith* and *T. M. Thomson,* for appellant.
*Maurice A. Hessian* and *John J. McKasy,* for respondent.

DEVANEY, CHIEF JUSTICE.

Proceedings brought in probate court for the recovery of a claim against the estate of Armin R. Jache, deceased.

Armin R. Jache died December 25, 1934. Petitions to probate his estate were filed separately by the respondent, Else Jache, his sister, and by Emma Burstad Jache, who claimed to be his common-law wife.

On May 13, 1935, Else Jache filed a verified claim against the estate for money loaned to the deceased in the sum of $2,000. Appellant filed objections to said claim.

After due hearing the claim was allowed in probate court. On appeal to the district court a verdict was directed for the respond-

[1]Reported in 271 N. W. 452.

ent. Appellant moved for judgment notwithstanding the verdict or for a new trial, which motions were denied. The appeal is from the court's order.

Two questions are presented:

(1) Did the court err in directing a verdict for the respondent?

(2) Did the court err in excluding from evidence testimony and exhibits showing that respondent had received from her brother certain sums after the date of the alleged loan?

On behalf of appellant it was contended that the sum of money in question was delivered to the decedent "to invest in bonds" and that he had carried out his alleged agency by so investing it.

On the other hand, it was the contention of the respondent that the money was paid to decedent simply as a loan.

In support of her position, respondent presented evidence showing that the money was paid $1,000 at a time on two separate occasions. She testified that she was not indebted to decedent at any time. She also stated that she had not intended the money to be a gift to the decedent. Finally, and most important, it appears in the record that the decedent paid to the respondent interest on the sum in question until the time of his death.

On the part of the appellant there was no testimony at all establishing an agency relationship between respondent and the decedent with reference to the particular transaction in question. It was admitted that the sum had been paid to decedent, and it was admitted that interest was paid as claimed by the respondent. There is some testimony respecting certain investments which it is not necessary to set out in detail. Suffice to say that it falls far short of creating any possible inference from which the jury could find that the decedent was an agent of respondent in this transaction.

In our opinion, the fact that decedent paid to respondent interest on the sum in question, considered in light of all the circumstances, establishes conclusively that the transaction in question was a loan and nothing else. As there is absolutely no credible testimony indicating an agency relationship, it follows that the court correctly directed a verdict in favor of respondent.

■ Nor did the court err in refusing to admit testimony and exhibits showing that the decedent had made certain payments to respondent after the date of the loan. The testimony was not offered to show that decedent had repaid the loan or any part thereof. Payment was not an issue in the case, and it was frankly conceded by appellant that the sums of money paid to respondent by decedent were in the nature of gifts.

But it is contended by appellant that the testimony and exhibits, which were in the form of canceled drafts, were admissible to impeach the witness, respondent. There is no merit to this contention. Respondent admitted that her brother had given her the amounts represented by the drafts. That being true, there is nothing in the offered evidence that would tend to impeach the respondent as a witness.

The order must be and hereby is affirmed.